**STATE OF WEST VIRGINIA**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **K.M.-2 and K.M.-3**

**No. 17-0577** (Barbour County 16-JA-32 & 16-JA-33)

## MEMORANDUM DECISION

Petitioner Father C.M., by counsel Gregory Michael, appeals the Circuit Court of Barbour County's May 25, 2017, order terminating his parental rights to K.M.-2 and K.M-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Chaelyn W. Casteel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner and his wife, K.M.-3's biological mother, alleging that the parties cared for the children, K.M.-1, K.M.-2, and K.M.-3, while under the influence of illegal drugs, including methamphetamine.[3] The petition also alleged that petitioner abused substances, that the parties engaged in domestic violence in the children's presence, and that petitioner was the perpetrator of "extreme domestic violence" against the mother. On June 8, 2016, the circuit court held a preliminary hearing

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as K.M.-1, K.M.-2, and K.M.-3 throughout this memorandum decision.

[2] Petitioner did not assert any assignment of error regarding termination. As such, we will not address the circuit court's termination of petitioner's parental rights in this memorandum decision.

[3] K.M.-1 is not petitioner's biological child and, therefore, not the subject of his appeal.

1

wherein petitioner admitted to a history of substance abuse and domestic violence. The circuit court ordered that petitioner submit to random drug screening.

In August of 2016, the circuit court held an adjudicatory hearing wherein petitioner again stipulated to his history of substance abuse and to an abusive relationship with the mother. Petitioner initially denied being convicted of domestic battery, but ultimately admitted that the mother obtained a domestic violence protective order against him and to a domestic violence domestic battery conviction. He also admitted that he abused methamphetamines, but stated that he "lied when he told the [DHHR] that he made methamphetamines behind the house." Based on his admission, the circuit court adjudicated petitioner as an abusive parent. The circuit court also found that "violence seems to be a way of life in this case . . .," and that petitioner "had not been forthcoming or truthful." Petitioner filed a motion for a post-adjudicatory improvement period on August 8, 2016, which the circuit court took under advisement. In October of 2016, the children were interviewed at the Child Advocacy Center and they disclosed that domestic violence and drug abuse frequently occurred in the home. The children's disclosures included specific instances that petitioner and the mother had denied, including an incident in which petitioner punched the mother in the face.

In January of 2017, the circuit court held a dispositional hearing and addressed petitioner's motion for a post-adjudicatory improvement period. On the same day, petitioner also filed a motion for a dispositional improvement period. At the hearing, a DHHR caseworker testified that petitioner demonstrates explosive behavior and intimidates people, including the caseworker. She stated that at a multidisciplinary team ("MDT") meeting in December of 2016, petitioner left the meeting in anger and slammed the door on his way out. The MDT determined that it would be best if petitioner did not return to the meeting due to his explosive outburst. The caseworker also testified that petitioner "[banged] on the door of the lobby of the office . . . trying to pull the door open to return to the meeting."

Also, at the hearing, petitioner admitted to drug abuse and domestic violence, but minimized the extent of domestic violence in the home and stated that he only "hit [the mother] once or twice." He also denied that domestic violence occurred in front of the children, despite their previous disclosures to the contrary. He also admitted that he called K.M.-2 "a liar" for disclosing the domestic violence in the home. Petitioner further admitted that his anger was "not totally under control" and that MDT meetings were a "waste of time." Petitioner also stated that he missed several random drug screens because he had problems with his cellular telephone service and transportation. Based on the evidence presented, the circuit court found that petitioner had not provided truthful testimony and had blamed the children for his abuse. The circuit court also found that petitioner's dishonesty made it impossible for the DHHR to provide him with services. The circuit court denied petitioner's motions for an improvement period and found that he failed to prove by clear and convincing evidence that he would likely fully participate in the same. The circuit court further found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, given that he had not been "open and honest" and was not credible. By order entered on May 25,

2017, the circuit court denied petitioner's motions for an improvement period and terminated his parental rights to the children.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motions for an improvement period. In support of his argument, petitioner asserts that his stipulations to drug abuse and domestic violence "should be [a] sufficient reason to grant [him] an improvement period." We disagree. In order to obtain an improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrates, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of an improvement period. At the dispositional hearing, petitioner minimized the extent of domestic violence in the home and asserted that the children lied about the domestic violence they witnessed. Petitioner failed to acknowledge his responsibility for the abuse for which he was later adjudicated. "Failure to

---

[4]Petitioner's parental rights to K.M.-2 and K.M.-3 were terminated below. According to the guardian, K.M.-2 remains in the care of her non-offending, the parental rights of the biological mother, A.F., and the permanency plan is to remain in that home. Also according to the guardian, the biological mother of K.M.-3 were also terminated below. K.M.-3 was placed in a foster home and the permanency plan is adoption into that home.

acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *W. Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498 475 S.E.2d 865, 874 (1996). Further, the circuit court found that petitioner was not truthful with the court and his dishonesty made it impossible for the DHHR to provide him with services. Accordingly, because the evidence clearly indicated that petitioner would not be likely to comply with the terms and conditions of an improvement period, the circuit court did not err in denying his requests for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 25, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4